UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL P. LOGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA, et al.,<br><br>    Defendants. | Case No. 15-cv-01573-KAW<br><br>**ORDER GRANTING DEFENDANT JEFFREY W. PARKS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

On May 4, 2015, Defendant Jeffrey W. Parks filed a motion to dismiss Plaintiff Darrell P. Logan Jr.'s complaint under Federal Rule of Civil Procedure 12(b)(6)[1] on the grounds that any claims pertaining to the state court case are barred by res judicata and Plaintiff does not have standing to brings claims for crimes against the U.S. Postal Service.

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to dismiss without leave to amend, because any amendment would be futile.

## I. BACKGROUND

Plaintiff Darrell Logan Jr. owned a Kawasaki Ninja Motorcycle. (Def.'s Mot., Dkt. No. 10 at 1.) On September 4, 2013, the motorcycle, driven by Plaintiff's brother, was involved in an accident with a driver insured by Liberty Mutual Insurance Company ("Liberty Mutual"). (Compl., Dkt. No. 1 at 8.) Plaintiff's brother was deemed at fault, but Plaintiff's motorcycle was

---

[1] Defendant brings the motion under Rule 12(b), but a motion under Rule 12(b)(6) is the appropriate vehicle to raise the affirmative defense of res judicata where there are no disputed issues of fact. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984). Therefore, the Court will decide the motion under the Rule 12(b)(6) framework.

1    not covered by a valid insurance policy, so Liberty Mutual paid a claim for property damage to its

2    insured in the amount of $10,015.77. (Compl. at 11; Dkt. No. 1-2 at 65.)

3          On September 20, 2013, Liberty Mutual hired Defendant Jeffrey W. Parks ("Parks") as

4    counsel to recover the monies paid to its insured. (Def.'s Mot. at 2.) On April 16, 2014, Liberty

5    Mutual filed a complaint in the Superior Court of California, County of Napa against Plaintiff, as

6    the legal owner (according to the California Department of Motor Vehicles), and his brother.

7    (Dkt. No. 1-2 at 2.) Thereafter, Parks' office building experienced an electrical fire, and his law

8    practice moved to a temporary location. (Compl. at 4.) Parks claims to have made arrangements

9    with the United States Postal Service to pick up his mail from the post office so that his mail

10   service was not interrupted. (Def.'s Mot. at 3.)

11         On February 9, 2015, Superior Court Judge Rodney Stone presided over a bench trial,

12   where Liberty Mutual prevailed, and entered judgment against Plaintiff[2], as the legal owner,[3] in

13   the amount of $10,015.77, plus court costs of $1,305.34, for a total judgment of $11,321.11.

14   (Compl. at 11; 2/9/15 Minute Order, Dkt. No. 1-2 at 68.) The Court ordered Parks to prepare the

15   judgment. (Compl. at 11; 2/9/15 Minute Order at 68.)

16         On March 9, 2015, Plaintiff filed an appeal in the Napa County Court Appellate Division.

17   (Compl. at 6.) On April 13, 2015, before it could be heard, Plaintiff filed an abandonment of

18   appeal. (Pl.'s Opp'n, Dkt. No. 14 at 2.)

19         On April 7, 2015, Plaintiff Darrell P. Logan Jr. filed a complaint against the Superior Court

20   of California, County of Napa ("Superior Court") and Parks alleging violations of 42 U.S.C. §

21   1983, 5 U.S.C. § 554, and 18 U.S.C. §§ 201, 242, 1341, 1342, and 1510. (Compl. at 2.) Plaintiff

22   attached filings from the state court case as exhibits to his complaint, as well as his account of

23   what transpired during the state court trial. (Compl. at 8-13.)

24         On May 4, 2015, Parks filed a motion to dismiss under Federal Rule of Civil Procedure

---

[2] Plaintiff's brother was dismissed as a defendant at the conclusion of trial, because he was not properly served with the complaint and summons. (2/9/15 Minute Order, Dkt. No. 1-2 at 68.)
[3] Plaintiff claims that he sold his motorcycle to his brother. (Compl. at 9.) The issue of ownership, however, was decided by the Superior Court and cannot be retried by this court pursuant to the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

12(b)(6). (Def.'s Mot., Dkt. No. 10.) Parks impermissibly attached several exhibits to his motion without a request for judicial notice, so the exhibits were stricken. (Dkt. No. 20.) On May 18, 2015, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 14.) Parks did not file a reply.

On June 15, 2015, Parks joined the Superior Court's motion to dismiss. (Notice of Joinder, Dkt. No. 31; Superior Ct.'s Mot., Dkt. No. 7.) Plaintiff objected to the joinder on the grounds that the Superior Court was not a natural person and some of its defenses did not apply to Parks. (Dkt. No. 32 at 1.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a

1    probability requirement, but it asks for more than a sheer possibility that a defendant has acted

2    unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's

3    liability, it stops short of the line between possibility and plausibility of entitlement to relief."

4    *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

       Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III.   DISCUSSION

Parks seeks to dismiss the complaint on the grounds it is barred by res judicata, and that Plaintiff does not have standing to enforce U.S. Postal Service regulations. (Def.'s Mot. at 4.)

#### A.   Res Judicata

Defendant contends that the doctrine of res judicata bars Plaintiff's requested relief, because the instant action arises out of the same facts that were litigated in state court. (Def.'s Mot. at 4.) Res judicata, or claim preclusion, "provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)); *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008); *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Res judicata also bars claims that could have been raised in the prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).

Parks contends that Plaintiff is using this lawsuit in an attempt to obtain a new trial in hopes for a better outcome. (Def.'s Mot. at 4.) Plaintiff does not dispute Parks' contention that the doctrine of res judicata applies. Rather, Plaintiff argues that his complaint is not barred under the *Rooker-Feldman* or the *Younger* abstention doctrines. (Pl.'s Mot. at 2.)[4] While these arguments were not raised by Defendant in the instant motion to dismiss, the Court will address the

---

[4] The Superior Court argues that Plaintiff's claims are barred by the *Rooker-Feldman* and *Younger* abstention doctrines, so Plaintiff may be confusing his motion practice.

implications of the *Rooker-Feldman* doctrine later. *See* discussion *infra* Part III.B.

Res judicata is applicable "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens*, 244 F.3d at 713 (citation omitted).

As to the first element, the standard for determining whether there is an identity of claims is determined by looking at "whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 714. Here, Plaintiff's lawsuit arises out of the motorcycle accident and the resulting state court trial. Plaintiff specifically asks this court to vacate the state court's judgment in his demand for relief. (Compl. at 7.) Furthermore, the only evidence provided in support of Plaintiff's claim are documents related to the state court trial, which he is asking this court to review through his request to vacate the state court judgment. (Pl.'s Opp'n at 2.) Lastly, the monetary damages that Plaintiff seeks to recover are equivalent to the judgment awarded to Liberty Mutual in the state court trial, plus his court costs in bringing the federal lawsuit. (Compl. at 7.) Accordingly, this action involves the same claims.

Second, the state court judgment was a final judgment on the merits, because Judge Stone presided over a bench trial and issued a judgment. While Plaintiff initially appealed the final judgment, he ultimately abandoned that appeal.

The same party/privity requirement only applies to the party or parties against whom res judicata is asserted, rather than the party who raises the defense. *See Montana,* 440 U.S. at 153. That Parks was not a defendant in the first action does not prevent him from asserting res judicata here, so long as Plaintiff's claims allege the same injury and the same wrong, as those asserted in the state court action. *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 736 (9th Cir. 2009)(different defendants successfully asserted claim preclusion against plaintiff) (citing *Brinton v. Bankers Pension Servs., Inc.*, 76 Cal. App. 4th 550, 557-58 (1999)). Here, the harm suffered by Plaintiff is the judgment against him in state court, and, by attempting to vacate the judgment, he is essentially seeking a new trial to prove that he is not financially liable for the motorcycle accident. Any claims regarding Plaintiff's liability are, therefore, barred by res judicata.

5

1  Notwithstanding, and without considering the implications of the *Rooker-Feldman*
2  doctrine, any attempt to vacate the judgment should have been brought against Liberty Mutual
3  rather than Parks, because Liberty Mutual prevailed in that action.  Parks does not personally have
4  a judgment against Plaintiff, so there is no judgment to vacate.  Moreover, this Court does not
5  have the authority to vacate the Superior Court judgment. *See* discussion *infra* Part III.B.
6  Plaintiff's recourse was to appeal to the California Court of Appeal, First Appellate District.
7  Inexplicably, Plaintiff did so and then abandoned that appeal.  Thus, Plaintiff cannot possibly
8  obtain the relief requested in his complaint, which is to vacate the state court judgment.

9  To the extent to Plaintiff's lawsuit is attempting to vacate the state court judgment, it is
10 barred by res judicata as to Liberty Mutual, who is not named in the instant suit, as are any claims
11 regarding Plaintiff's liability in the motorcycle accident.  Further, any claims against Parks, as an
12 individual, to vacate the state court judgment cannot be maintained, because he was not a party to
13 the lawsuit and the judgment was not entered in his favor.  To find differently would be
14 tantamount to an appeal of the state court judgment, which is beyond the purview of the district
15 court's authority.  Thus, any claims against Parks to vacate the state court judgment are dismissed
16 without leave to amend pursuant to Rule 12(b)(6), because any amendment would be futile.

17  **B.**  ***Rooker-Feldman* doctrine**

18  While Parks did not contend that the *Rooker-Feldman* doctrine divests the district court of
19 subject matter jurisdiction in his initial motion, he ultimately joined in the Superior Court's motion
20 to dismiss, which raised the issue.  A motion to dismiss for lack of subject matter jurisdiction,
21 pursuant to Federal Rule of Civil Procedure 12(b)(1), will be granted if the complaint on its face
22 fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale*
23 *Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).  In considering a Rule 12(b)(1)
24 motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such
25 as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."
26 *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

27  While Parks' joining may be considered untimely, a motion made under Rule 12(b)(1) may
28 be made at any time and is not waived by not being included in an initial motion to dismiss. *See*

Fed. R. Civ. P. 12(h)(1). Thus, the Court will permit Parks to join the Superior Court's motion for the limited purpose of asserting that the district court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

The Superior Court argues that the *Rooker-Feldman*[5] doctrine serves as a complete bar to Plaintiff's federal lawsuit, because it is a de facto appeal of the state court judgment such that the district court lacks subject matter jurisdiction. (Superior Ct.'s Mot. at 2.) In opposition to both the Superior Court's motion and Parks' motion, Plaintiff contends that the allegations against Defendant are not barred by *Rooker*-Feldman, because his complaint is about "[e]vidence and finding out the [t]ruth." (Pl.'s Opp'n at 2; Pl.'s Opp'n to Superior Ct.'s Mot., Dkt. No. 16 at 2.)

The *Rooker-Feldman* doctrine deprives the federal courts of jurisdiction to hear direct appeals from the judgments of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163). Here, Plaintiff seeks to vacate the state court judgment due to the state court's alleged "errors in the administration of Administrative Justice...." (Compl. at 3, 7.) Since Plaintiff alleges as his legal injury an erroneous decision by the state court, and seeks as his remedy relief from that judgment, this is a de facto appeal.

---

[5] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

Additionally, all alleged criminal violations arise out of the conduct of Judge Stone and Parks during the state court proceeding. In *Feldman, t*he Supreme Court held that "[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state court decision." 460 U.S. at 483-84 n. 16. In opposition, Plaintiff's claims that Defendant Parks and Judge Stone engaged in various forms of misconduct and criminal acts during the state court proceeding and trial, including conspiracy and racketeering. (Pl.'s Opp'n at 3; *see* discussion *infra* Part IIII.C.) Even if Plaintiff had standing and a private right of action to enable him to bring these causes of action, the district court would be required to review the state court decision, which it is unable to do. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986) (claims are inextricably intertwined if the district court cannot evaluate the plaintiff's claims without conducting a review of the state court's legal determinations and verdict). Indeed, Plaintiff's only available avenue was to maintain an appeal with the California Court of Appeal, which he appears to have abandoned. (Pl's Opp'n at 2.)

Accordingly, the *Rooker-Feldman* doctrine divests the district court of subject matter jurisdiction.

### C. Standing to Enforce Criminal Statutes

Plaintiff's complaint also alleges that Park committed criminal violations of 18 U.S.C. § 1510 (obstruction), 18 U.S.C. §1341 (mail fraud), 18 U.S.C. § 1342 (fictitious name or address), 18 U.S.C. § 201 (bribery), and 18 U.S.C. § 242 (deprivation of rights under color of law). (Compl. at 2.)

In regards to these remaining causes of action, and without providing legal authority or any substantive discussion in support of his position, Park contends that "[t]o the extent Mr. Logan is attempting to enforce US Postal [S]ervice regulations, we believe he lacks standing to do so." (Def.'s Mot. at 4.) Generally, private citizens do not have standing to initiate a federal criminal prosecution. *See Robertson v. U.S. ex rel. Watson,* 560 U.S. 272, 278 (2010) ("Our entire criminal justice system is premised on the notion that a criminal prosecution pits the government against

the governed, not one private citizen against another.")

### i. RICO Claims

An exception, however, exists under the Racketeer Influence and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964, which permits a private citizen to obtain a civil remedy if he can show proximate cause, or, in other words, that there is "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). While not specifically plead in the complaint,[6] bribery, mail fraud, and obstruction of justice are forms of "racketeering activity" under RICO. 18 U.S.C. § 1962. RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. *Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992). A "pattern of racketeering activity" exists when a person commits two or more specified acts that have sufficient continuity so as to pose a threat of continued criminal activity. *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450 (9th Cir. 1991).

Plaintiff appears to allege that Parks' use of his permanent legal address on pleadings and proofs of service while operating his law practice at a temporary location is mail fraud, in violation of 18 U.S.C. § 1341, and implicates RICO. (*See* Compl. at 5.) "The gravamen of the [mail fraud] offense is the scheme to defraud . . . even if the mailing itself 'contain[s] no false information.'" *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008)(citations omitted). Plaintiff's complaint explains the circumstances surrounding the fire at Defendant's place of business, and his temporary relocation to another office space, which is not a scheme to defraud. In fact, Plaintiff filed a complaint with the State Bar of California regarding this very issue, but the complaint was closed without discipline because the facts did not support a finding that disciplinable misconduct had occurred. (*See* Dkt. No. 1-1 at 14-15.) Moreover, Plaintiff does not describe any cognizable injury sustained as a result of Parks' relocation beyond his attempts to serve Parks personally with the two filings in the state court case. (*See* Compl. at 4.) This is

---

[6] Plaintiff makes vague references to civil RICO in his opposition, so, for the purposes of this motion, the Court will liberally construe the complaint as claiming violations of the civil RICO statute. (*See* Pl.'s Opp'n at 3.)

1   insufficient to plead mail fraud, and the claim must be dismissed.

2   As to any claims of bribery, in violation of 18 U.S.C. § 201, Plaintiff does not plead any
3   facts regarding bribery. Thus, this cause of action must be dismissed.

4   As to any claims of obstruction of justice, in violation of 18 U.S.C. § 1510, there is no
5   allegation that a criminal investigation occurred or is ongoing, and so the elements are not
6   satisfied. 18 U.S.C. § 1510(a) (requires the presence of a criminal investigator).

7   As currently pled, Plaintiff only specifies single acts of alleged criminal conduct, which is
8   not a pattern of racketeering activity for the purposes of recovery under the civil RICO statute. In
9   light of the foregoing, any potential civil RICO claims do not state a claim for which relief may be
10  granted, and, because all alleged instances of misconduct are barred by the *Rooker-Feldman*
11  doctrine, as they are inextricably intertwined with the state court judgment, are dismissed without
12  leave to amend. *See* discussion *supra* Part III.B.

### ii. Other criminal violations

There is no private right of action for violations of 18 U.S.C. § 242 or § 1342, so those claims must be dismissed without leave to amend, because Plaintiff is not permitted to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute offenses against the United States. To the extent that Plaintiff is bringing a civil rights action under 42 U.S.C. § 1983 for deprivation of rights, he does not identify any rights of his that were abridged. Amendment, in any event, would be futile, because everything Plaintiff complains about concerns conduct that occurred during the state court proceeding. Again, to the extent that Plaintiff wishes to challenge anything concerning those proceedings, the proper procedure was to appeal. *See* discussion *supra* Part III.B.

Additionally, and for the first time in his opposition, Plaintiff argues that he did not have the benefit of a fair trial because Judge Stone and Parks were allegedly engaging in a criminal conspiracy where they funneled frivolous lawsuits through the court system to make money by making people pay for court transcripts that do not exist. (Pl.'s Opp'n at 2-3.) The Court presumes that Plaintiff is referring to the judgment entered against him, which included $539.84 for "Court-ordered transcripts." (Dkt. No. 1-2 at 69.) As an initial matter, any facts regarding the

alleged conspiracy are not pled in the complaint and cannot simply be alleged in opposition to a motion to dismiss.  Further, if Plaintiff wanted to appeal the award of costs associated with those transcripts, the proper procedure would have been to pursue his appeal in state court.

Since Plaintiff is a private citizen, absent a cognizable claim that Parks committed a civil RICO violation, he does not have the ability to prosecute offenses on behalf of the United States, so all claims alleging violations of criminal statutes must be dismissed without leave to amend.

### D. Request for Attorneys' fees and costs[7]

Parks seeks the recovery of $2,250.00 in attorneys' fees incurred in responding to the motion to dismiss. (Def.'s Mot. at 4; Parks Decl. at 3.)  Generally, attorneys' fees and costs are not available in connection with a successful motion to dismiss unless there is a separate basis, usually in contract, for recovery.  Moreover, attorneys' fees are not available when an attorney is representing himself. *Trope v. Katz*, 11 Cal. 4th 274, 280-81 (1995) ("[A]n attorney appearing on his own behalf could not recover attorney fees under either a statutory exception to the American rule or under a contractual attorney fee provision, because in such circumstances the attorney did not pay or become liable to pay consideration in exchange for legal representation."); *see also Kay v. Ehrler,* 499 U.S. 432, 438 (1991)(pro se attorney not entitled to statutory fees in civil rights cases).  Thus, Defendant's request for attorneys' fees and costs is denied.

///
///
///
///
///
///
///
///

---

[7] While Parks seeks "attorneys' fees and costs" his declaration states that he is only seeking reimbursement for nine hours of work at $250.00 per hour. (Decl. of Jeffrey W. Parks, "Parks Decl.," Dkt. No. 11 at 3.) Thus, there is no request for costs.

11

### IV.   CONCLUSION

For the reasons set forth above, Defendant Jeffrey W. Parks' motion to dismiss is granted without leave to amend on the grounds that Plaintiff's complaint, in its entirety, is barred by res judicata and the *Rooker-Feldman* doctrine.  Parks' request to recover attorneys' fees and costs is DENIED.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated: June 25, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge