UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL P. LOGAN,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA, et al.,

Defendants.

Case No. 15-cv-01573-KAW

**ORDER GRANTING DEFENDANT SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: Dkt. No. 7

On May 1, 2015, Defendant Superior Court of California, County of Napa ("Superior Court") filed a motion to dismiss Plaintiff Darrell P. Logan Jr.'s complaint on the grounds that the district court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, such that the action must be dismissed under Federal Rule of Civil Procedure 12(b)(1). Additionally, Defendant seeks dismissal under Rule 12(b)(6) on the grounds that the state court's judicial immunity precludes relief.

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to dismiss without leave to amend, because any amendment would be futile.

## I. BACKGROUND

Plaintiff Darrell Logan Jr. owned a Kawasaki Ninja Motorcycle. (Def.'s Mot., Dkt. No. 10 at 1.) On September 4, 2013, the motorcycle, driven by Plaintiff's brother, was involved in an accident with a driver insured by Liberty Mutual Insurance Company ("Liberty Mutual"). (Compl., Dkt. No. 1 at 8.) Plaintiff's brother was deemed at fault, but Plaintiff's motorcycle was not covered by a valid insurance policy, so Liberty Mutual paid a claim for property damage to its

United States District Court
Northern District of California

insured in the amount of $10,015.77. (Compl. at 11; Dkt. No. 1-2 at 65.)

On September 20, 2013, Liberty Mutual hired Defendant Jeffrey W. Parks ("Parks") as counsel to recover the monies paid to its insured. (Def.'s Mot. at 2.) On April 16, 2014, Liberty Mutual filed a complaint in the Superior Court of California, County of Napa against Plaintiff, as the legal owner (according to the California Department of Motor Vehicles), and his brother. (Dkt. No. 1-2 at 2.) Thereafter, Parks' office building experienced an electrical fire, and his law practice moved to a temporary location. (Compl. at 4.) Parks claims to have made arrangements with the United States Postal Service to pick up his mail from the post office so that his mail service was not interrupted. (Def.'s Mot. at 3.)

On February 9, 2015, Superior Court Judge Rodney Stone presided over a bench trial, where Liberty Mutual prevailed, and entered judgment against Plaintiff[1], as the legal owner, in the amount of $10,015.77, plus court costs of $1,305.34, for a total judgment of $11,321.11. (Compl. at 11; 2/9/15 Minute Order, Dkt. No. 1-2 at 68.) The Court ordered Parks to prepare the judgment. (Compl. at 11; 2/9/15 Minute Order at 68.)

On March 9, 2015, Plaintiff filed an appeal in the Napa County Court Appellate Division. (Compl. at 6.) On April 13, 2015, before it could be heard, Plaintiff filed an abandonment of appeal. (Pl.'s Opp'n, Dkt. No. 14 at 2.)

On April 7, 2015, Plaintiff Darrell P. Logan Jr. filed a complaint against the Superior Court and Jeffrey W. Parks alleging violations of 42 U.S.C. § 1983, 5 U.S.C. § 554, and 18 U.S.C. §§ 201, 242, 1341, 1342, and 1510. (Compl. at 2.) Plaintiff attached filings from the state court case as exhibits to his complaint, as well as his account of what transpired during the state court trial. (Compl. at 8-13.)

On May 1, 2015, the Superior Court filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Def.'s Mot., Dkt. No. 7.) On May 19, 2015, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 16.) On May 22, 2015, the Superior Court filed its reply. (Def.'s Reply, Dkt. No. 19.)

---

[1] Plaintiff's brother was dismissed as a defendant at the conclusion of trial, because he was not properly served with the complaint and summons. (2/9/15 Minute Order, Dkt. No. 1-2 at 68.)

On May 30, 2015, Plaintiff filed a document titled "Plaintiff's Reply to Defendant(s) Opposition of Plaintiff's Motion to Strike Down Defendant(s) Motion to Dismiss," in which Plaintiff claimed that he was not seeking to vacate a ruling, but was "asking this court to examine the Crimes committed by the Defendant(s) against the U.S. Postal Services and The Constitution of the Unites States of America...." (Pl.'s Surreply, Dkt. No. 24 at 2.) The Court will construe this as a surreply. While Plaintiff did not seek leave of court to file the surreply, the Court will take it under submission.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss under Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.    Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

Defendant argues that Plaintiff's case is barred by the *Rooker-Feldman* doctrine, the Eleventh Amendment, and the fact that Plaintiff does not have standing to bring claims against the Superior Court. (Def.'s Mot. at 2.) The Court will address each argument below.

///

///

///

**A. The *Rooker-Feldman* Doctrine bars the instant case.**

Defendant argues that the *Rooker-Feldman*[2] doctrine serves as a complete bar to Plaintiff's federal lawsuit, because it is a de facto appeal of the state court judgment such that the district court lacks subject matter jurisdiction. (Def.'s Mot. at 2.) Plaintiff contends that the allegations against Defendant are not barred by *Rooker*-Feldman, because his complaint is about "[e]vidence and finding out the [t]ruth." (Pl.'s Opp'n at 2.)

The *Rooker-Feldman* doctrine deprives the federal courts of jurisdiction to hear direct appeals from the judgments of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, we "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163). Here, Plaintiff seeks to vacate the state court judgment due to the state court's alleged "errors in the administration of Administrative Justice...." (Compl. at 3, 7.) Since Plaintiff alleges as his legal injury an erroneous decision by the state court, and seeks as his remedy relief from that judgment, this is a de facto appeal.

In addition, Defendant argues that Plaintiff's federal claims are inextricably intertwined with the state court judgment. (Def.'s Mot. at 5.) In *Feldman*, the Supreme Court held that "[i]f the constitutional claims presented to a United States district court are inextricably intertwined

[2] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

United States District Court
Northern District of California

with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state court decision." 460 U.S. at 483-84 n. 16. In opposition, Plaintiff's claims that Defendant Parks and Judge Stone engaged in various forms of misconduct and criminal acts during the state court trial, including conspiracy and racketeering. (Pl.'s Opp'n at 3, 5.) Even if Plaintiff had standing and a private right of action to enable him to bring these causes of action, the district court would be required to review the state court decision, which it is unable to do. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986). Indeed, Plaintiff's only available avenue was to maintain an appeal with the California Court of Appeal, which he appears to have abandoned. (Pl's Opp'n at 2.)

Accordingly, the *Rooker-Feldman* doctrine divests the district court of subject matter jurisdiction.

**B. Governmental immunity under the Eleventh Amendment**

Even if the lawsuit was not barred by the *Rooker-Feldman* doctrine, Defendant contends that the Eleventh Amendment bars suit, because it is a state entity for the purposes of Eleventh Amendment immunity and, therefore, no relief may be granted under Rule 12(b)(6). (Def.'s Mot. at 7, 11.) "[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Quern v. Jordan*, 440 U.S. 332, 337, 99 S. Ct. 1139, 1143 (1979). State courts are state entities for the purposes of Eleventh Amendment immunity. *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

The only way this action could be sustained against the Superior Court would be if it waived its sovereign immunity. Waiver of a state's eleventh amendment immunity can be found only when evidenced "'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Here, there is no allegation that Defendant waived its sovereign immunity. Thus, absent waiver, the instant

United States District Court
Northern District of California

lawsuit against the Superior Court is barred by the Eleventh Amendment.[3]

**C. Plaintiff lacks standing to bring his claims.**

Defendant also argues that Plaintiff does not have standing to bring any claims, because there is no legal controversy between Plaintiff and the Superior Court. (Def.'s Mot. at 8.) Generally, a plaintiff must have standing under Article III of the United States Constitution to pursue relief in federal court. Article III standing requires the demonstration of three elements: (1) the plaintiff suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). If these requirements are not satisfied, the action must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998). In light of the immunity enjoyed by the Superior Court and Judge Stone, Plaintiff's alleged injury cannot be redressed, because his suit is barred, so the third element is not met.

Accordingly, Plaintiff lacks standing to pursue his claims because the Superior Court is immune from suit.

///

///

///

///

///

///

///

[3] Any lawsuit against Judge Stone would also be barred, because judicial officers are entitled to unqualified immunity from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Therefore, even though Judge Stone is accused of engaging in misconduct, he enjoys judicial immunity, and Plaintiff cannot obtain any relief from him in this instance.

United States District Court
Northern District of California

## IV. CONCLUSION

In light of the foregoing, the Superior Court's motion to dismiss is granted without leave to amend, because the district court does not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, and the Superior Court enjoys immunity under the Eleventh Amendment. These defects cannot be cured by amendment.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated: June 25, 2015

KANDIS A. WESTMORE
United States Magistrate Judge